AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Court
Southern District of Texas
FILED
JUN 21 2018
David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Fernando Mendoza-Trujillo | ) | Case No. |
| Javier Gonzalez-Hidalgo | ) | |
| Jose Avery Cruz | ) | H18-1003M |
| Eduardo Avonce-Romero | ) | |
| Roberto Correa-Rodriguez | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 19, 2018__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(iii)<br>8 U.S.C. § 1326 | Alien Smuggling- Knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation.<br><br>Reentry of Removed Aliens - Being then and there an alien who had previously been deported from the United States. |

This criminal complaint is based on these facts:

SEE ATTACHMENT "A"

8 USC § 1326 charges apply only to:
Fernando Mendoza-Trujillo
Eduardo Avonce-Romero

☑ Continued on the attached sheet.

_____
*Complainant's signature*

David Reese, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 06/21/2018

_____
*Judge's signature*

City and state:  Houston, Texas

Frances H. Stacy, U.S. Magistrate Judge
*Printed name and title*

## "ATTACHMENT A"

I am a Special Agent ("SA") with the United States ("US") Immigration and Customs Enforcement ("ICE") / Homeland Security Investigations ("HSI"), presently assigned to the office located in Houston, Texas. I have been employed by Immigration and Customs Enforcement since 2006 and have been on my present assignment for approximately eleven months. I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the U.S. who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I have received approximately 38 weeks of specialized training at the Federal Law Enforcement Training Center in the enforcement of United States Customs, Immigration and Federal narcotics laws. I have debriefed and interviewed numerous individuals who have been involved in narcotics trafficking, alien smuggling and money laundering. I have participated in numerous investigations involving physical and electronic surveillance. I have applied for and participated in the execution of Federal search warrants. I am currently assigned to a Human Smuggling group that investigates alien smuggling offenses. In connection with my official duties, I investigate criminal and civil violations of the Controlled Substance Act ("C.S.A.") as well as financial crimes. I have knowledge of the following facts:

1. On June 19, 2017, Fernando Mendoza-Trujillo was observed leaving the leaving a residence at 12606 Yancy Drive, Houston, Texas in a 2001 Dodge Ram. Mendoza-Trujillo travelled to the 1000 block of Federal Road, Houston, Texas, where he parked next to a 2014 Chevrolet Malibu. Once parked, a single subject exited the Ram, entered the Malibu and both vehicles quickly left the area.

2. Shortly thereafter, the Houston Police Department (HPD) conducted a traffic stop of the Ram, where Mendoza-Trujillo was discovered to have an outstanding warrant out of Brazoria County Texas. Additionally, he was booked on state charges for Possession of a Controlled Substance. Mendoza-Trujillo had $2,400.00 in his possession, which was seized.

3. After Mendoza-Trujillo was taken into custody, HSI Houston, assisted by the U.S. Border Patrol, ICE Enforcement and Removal Operations and HPD, executed a Federal search warrant at 12606 Yancy Drive, Houston, Texas.

4. The search of the house resulted in the discovery of twenty-five (25) undocumented aliens (UDA), four (4) of which were juveniles and one US citizen, for a total of twenty-six (26). Additionally, agents discovered and seized log books, cellular phones, receipts, narcotics and compasses.

5. Four people were outside the residence when agents arrived, Javier Gonzalez-Hidalgo, Eduardo Avonce-Romero, Roberto Correa-Rodriguez and Diana Valeska

1

Escobar. Avonce-Romero and Correa-Rodriguez were the only two at the house dressed in camouflage shirts and Avonce-Romero had a compass in his back pocket.

6. Through interviews of the smuggled aliens it was determined that Fernando Mendoza-Trujillo, Javier Gonzalez-Hidalgo and Jose Avery Cruz were serving as caretakers at the house. Eduardo Avonce-Romero and Roberto Correa-Rodriguez were identified as brush guides.

7. All individuals from the residence were transported to the Houston Service Processing Center for booking and interviews.

8. HSI Special Agents interviewed Javier Gonzalez-Hidalgo, a UDA from Mexico, who was provided with his Miranda rights, which he subsequently invoked. Prior to Miranda, Gonzalez-Hidalgo made an unprompted statement claiming he was asked to get them the house and he was doing them a favor by getting them food. Gonzalez-Hidalgo had $2,227.00 in his possession, which was seized.

9. HSI Special Agents interviewed Jose Avery Cruz, a United States citizen, who stated post-Miranda he was a resident of the house and was aware of the smuggling operation. Cruz would occasionally be tasked by Gonzalez-Hidalgo, his step-father, to purchase food for the UDAs and receive wire transfers of smuggling fees. Cruz was shown photographic lineups of the principles and additional subjects believed to be linked to the alien smuggling organization (ASO). Mendoza-Trujillo, also known as "Gordo", was the person in charge of the smuggling operation and Gonzalez-Hidalgo worked for him. Eduardo Avonce-Romero was identified as a person who had been to the house a couple times before, but he was not sure of his role. Roberto Correa-Rodriguez was identified as a brush guide who "walked aliens".

10. Border Patrol Agents interviewed Eduardo Avonce-Romero, a UDA from Mexico, who stated post-Miranda he was being paid $5,000.00 by a male known only as "La Pantera" to guide the group through the brush from McAllen, Texas. Avonce-Romero stated a prior group he walked through the brush was interdicted. Avonce-Romero consented to a search of his cellular telephone, where voice messages in the "What's App" were of individuals asking what he charges to smuggle people across the border. Avonce-Romero stated he uses the compass found in his pocket to guide the group of UDAs north. Avonce-Romero had $84.00 in his possession, which was seized. Department of Homeland Security (DHS) records show Avonce-Romero has a final order of removal issued April 26, 2013, which has been reinstated twice.

11. Border Patrol Agents interviewed Roberto Correa-Rodriguez, a UDA from Mexico, who stated post-Miranda he was a UDA and this was his first time coming to the US

2

and denied being a part of the smuggling organization. He arrived at the house earlier in the day with several other people. Correa-Rodriguez was shown photographic lineups of the smugglers and additional subjects believed to be linked to the ASO, but could not identify anyone as being involved. Correa-Rodriguez stated he rode in the cab of truck when his group was picked up on the side of the highway and never entered the house after his arrival.

12. HSI and Border Patrol agents showed photographic lineups of the principles and conducted interviews of material witnesses.

13. Material witness Diana Valeska Escobar, a UDA from Nicaragua, identified Mendoza-Trujillo as the person who asked for her name and took her cellular phone away when she arrived at the house. Gonzalez-Hidalgo was identified as a person who was reviewing the notebook with her name in it. Cruz was identified as a person who was at the house when they arrived and provided access to the bathroom. Eduardo Avonce-Romero and Roberto Correa-Rodriguez were identified as two individuals who travelled with her group of UDAs and may have been guides.

14. Material witness Petronila Hernandez-Velasquez, a UDA from Guatemala, identified Mendoza-Trujillo as the driver of the truck that transported the group from the brush to the house. Gonzalez-Hidalgo was identified as a caretaker who provided food to the UDAs. Cruz was identified as a person who lived at the house and would open the locked door between the room where UDAs were kept and the rest of the house, which would allow the UDAs access to the restroom. When they were finished, Cruz would lock the door to keep the UDAs in the back room. Avonce-Romero was identified as a brush guide who came from the stash in McAllen and walked the group around the checkpoint. Correa-Rodriguez was part of their group who spoke mostly to Avonce-Romero as they walked through the brush.

15. Material witness Luis Miguel Elias-Felipe, a UDA from Guatemala, identified Mendoza-Trujillo as the person who asked for his name and the telephone number for his parents. Mendoza-Trujillo then called and asked them for money. Gonzalez-Hidalgo was identified as the person who told him his $9,000.00 smuggling fee was paid and would be leaving the stash house that day. Cruz was identified as the person in charge of the restroom, instructing UDAs to not ask to use it too many times. Cruz placed a bucket in the room for the UDAs to use as a toilet. Avonce-Romero was identified as a person who could move about the stash house freely, telling UDAs to keep the noise down. Elias-Felipe described Avonce-Romero's role as that of a guard. Correa-Rodriguez was identified as a person who stayed outside most of time, coming in to the back room periodically to check on the UDAs.

16. DHS records show Fernando Mendoza-Trujillo is a UDA from Mexico with a final order of removal dated October 30, 2011, which has been reinstated six (6) times.

17. Diana Valeska Escobar, Petronila Hernandez-Velasquez and Luis Miguel Elias-Felipe will be presented as material witnesses.

18. Based upon the evidence gathered from the investigation, I believe there is probable cause established that Fernando Mendoza-Trujillo, Javier Gonzalez-Hidalgo, Jose Avery Cruz, Eduardo Avonce-Romero and Roberto Correa-Rodriguez violated Title 8, United States Code, Section 1324(a)(1)(A)(iii), conspiracy to harbor aliens for commercial advantage or private financial gain. Additionally, probable cause has been established that Fernando Mendoza-Trujillo and Eduardo Avonce-Romero violated Title 8, United States Code Section 1326, relating to aliens previously removed.

_____
Special Agent David Reese
Homeland Security Investigations
Houston, Texas

Sworn and subscribed before me on June 21, 2018 and I find probable cause.

_____
FRANCES H. STACY
U.S. Magistrate Judge

4